IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CARMICHAEL, | ) |
| Petitioner, | ) Civil Action No. 3:24-cv-202 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| UNITED STATES PAROLE COMMISSION, | ) |
| Respondent. | ) |

**MEMORANDUM**

Pending before the Court[1] is the Petition for Writ of Habeas Corpus (ECF No. 9) filed by David Carmichael ("Petitioner"), an inmate at the State Correctional Institution at Somerset, pursuant to 28 U.S.C. § 2241.[2] For the reasons below, the Court will dismiss the petition.

**I.      Introduction**

In the District of Columbia, Petitioner was sentenced to an aggregate term of 55 years for robbery and related charges. In 2021, he was granted parole by the United States Parole Commission ("USPC") on this sentence.

In 2022, Petitioner was arrested in Virginia for attempted robbery and assault. At this time, he was on parole from both his District of Columbia sentence and from a sentence for robbery convictions in the Court of Common Pleas of York County, Pennsylvania.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Although Petitioner styled the petition as one for a writ of mandamus pursuant to 28 U.S.C. § 1361, the Court has construed the petition as one seeking a writ of habeas corpus challenging the validity of his future custody. (ECF No. 4.)

He was convicted of the Virginia crimes on January 30, 2023, and sentenced on May 5, 2023, to an aggregate term of three years. All but nine months of this sentence was suspended, and he was released.

On October 12, 2023, the Pennsylvania Parole Board ordered Petitioner to serve a recommitment period on his Pennsylvania sentence based on the Virginia conviction.

On January 23, 2024, the USPC issued a parole violation warrant for Petitioner based on the Virginia conviction. The USPC sent the warrant to the U.S. Marshals Service with instructions to place a detainer if Petitioner was already in custody. Indeed, Petitioner was in custody at SCI Somerset.

On February 22, 2024, Petitioner wrote to the USPC with a request to review and dispose of the detainer. On February 21, 2025, the USPC issued a decision to let the detainer stand.

Petitioner lodged the instant petition on August 22, 2024. (ECF No. 9 at 4.) Therein, he asserts that the detainer issued by the USPC was not timely issued and must be dismissed.

Respondent filed an Answer. (ECF No. 15.) Petitioner did not file a Reply. The Petition is ripe for consideration.

## II.     Discussion

In order to obtain habeas relief, Petitioner has the burden of demonstrating that he "is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3).

In his petition, Petitioner asserts that the USPC was required but failed to act to revoke his parole within 120 days of receiving notice of his 2023 conviction. In support of this assertion, he cites only to a United States Supreme Court case, *Morrissey v. Brewer*, 408 U.S. 471 (1972), which held that a parolee is entitled to procedural due process in the revocation of his parole, but which did not set any 120-day deadline for any part of the process. Instead, the *Morrissey* Court held that

a revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. *Id.* at 488. Petitioner has not been taken into custody by the USPC and, as the Supreme Court explained in *Moody v. Daggett*, 429 U.S. 78 (1976), in a follow-up to *Morrissey*, due process does not require a revocation hearing until the parolee is taken into custody. In a situation like Petitioner's, the *Moody* Court held it is appropriate that such hearing be held at the expiration of the parolee's intervening sentence. *Id.* at 89. In this case, that time would be after the Pennsylvania Parole Board has released Petitioner and he has been taken into custody on the USPC's retainer.

Therefore, Petitioner has failed to show a due process violation requiring the dismissal of the USPC's retainer.

### III.   Conclusion

Based on the above, the Court will dismiss the petition.

An appropriate Order follows.


Date:  February 13, 2026                                   /s/ Patricia L. Dodge
                                                            PATRICIA L. DODGE
                                                            United States Magistrate Judge